**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

ROBERT STEWART,

      Plaintiff-Appellee,

v.

CITY AND COUNTY OF DENVER,
DAVID MICHAUD, Chief; and FOUR
UNNAMED OFFICERS,

      Defendants,

and

OFFICER JOSEPH RODARTE and
OFFICER STEVEN ADDISON,

      Defendants-Appellants.

No. 99-1047

(D.C. No. 97-Z-2527)
(D. Colo.)

---

**ORDER AND JUDGMENT** [*]

---

Before **BRISCOE** and **McKAY**, Circuit Judges, and **BROWN,** Senior District
Judge. [**]

Officers Joseph Rodarte and Steven Addison (defendants) appeal the

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Wesley E. Brown, Senior United States District Judge
for the District of Kansas, sitting by designation.

district court's denial of qualified immunity in this action brought by Robert Stewart pursuant to 42 U.S.C. §§ 1981, 1983, and 1985 against these and other defendants. [1] We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the district court's decision.

## I.

This case was filed as a result of the stop and subsequent arrest of Stewart by defendants. On December 2, 1996, Stewart, an African-American male, was parking his car in the Five Points area of Denver, Colorado, when it was blocked by defendants' police vehicle. Addison told Stewart his car headlights were not working properly. Stewart claimed they were working and he demonstrated their operation to defendants. Addison asked Stewart for his driver's license, car registration, and proof of insurance. Stewart could not find his proof of insurance and Addison took Stewart's driver's license and car registration to the police vehicle. After Stewart found his proof of insurance, Addison also took it to the police vehicle. Stewart's name was run through the warrant division and an outstanding warrant was found for failure to appear for a citation for no proof of insurance following an automobile accident.

---

[1] Stewart's appeal from the district court's entry of summary judgment in favor of the City and County of Denver was affirmed. See Stewart v. City and County of Denver, No. 99-1103, 2000 WL 93999 (10th Cir. Jan. 28, 2000) (unpublished).

Addison returned to Stewart's car, told him the insurance cards had expired, and informed him of the outstanding arrest warrant. Although Stewart did not dispute at that time that the insurance cards had expired, he later claimed the cards were current. Addison performed a pat-down search of Stewart, handcuffed him, and placed him in the police vehicle. Addison then parked Stewart's car, which had been stopped in the middle of the street. Stewart claims he saw Addison look in the glove box and other areas of the car while Addison was parking the car. Defendants assert that no officer searched Stewart's car.

On December 2, 1997, Stewart filed a complaint against, *inter alia*, Officers Rodarte and Addison. Stewart claimed violation of and conspiracy to violate his equal protection rights through racial discrimination, violation of his Fourth Amendment rights to be free from unlawful searches and seizures, and violation of his Fifth Amendment due process rights. Stewart also asserted state law tort claims of assault and battery, false arrest, false imprisonment, malicious prosecution and abuse of process, intimidation, and outrage. Defendants filed a motion for summary judgment which asserted in part that the action against them was barred by qualified immunity. The district court granted summary judgment to defendants on Stewart's state law tort claims, but denied the defendants immunity on Stewart's equal protection and Fourth Amendment claims.

II.

3

The only issue in this appeal is whether defendants were entitled to summary judgment on qualified immunity grounds for their actions in stopping and arresting Stewart. The doctrine of qualified immunity shields government officials performing discretionary functions from liability for civil damages if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Prager v. LaFaver, 180 F.3d 1185, 1190 (10th Cir. 1999) (internal quotations omitted). We first address whether defendants' interlocutory appeal is properly before us.

Not all denials of qualified immunity are immediately appealable. A district court's determination "that the law allegedly violated by the defendant was clearly established at the time of the challenged actions" is immediately appealable as an issue of law. Malik v. Arapahoe County Dept. of Soc. Serv., 191 F.3d 1306, 1314 (10th Cir. 1999). "An order denying qualified immunity on summary judgment is not appealable if it merely determines the facts asserted by the plaintiff are sufficiently supported by evidence in the record to survive summary judgment." Id. at 1314-15. Such a ruling addresses only the parties' factual allegations and presents no appealable legal questions. We cannot discern the basis for the district court's decision on the qualified immunity issue from the record presented. Neither the transcript of the summary judgment hearing nor the order denying defendants qualified immunity contains any stated rationale for the

4

district court's decision. Consequently, for purposes of this appeal we will accept Stewart's factual allegations as true, decide whether the law was clearly established at the time of defendants' actions, and determine whether those actions would violate the law.

As against defendants Rodarte and Addison, Stewart's complaint alleged violation of his equal protection rights and conspiracy to violate his equal protection rights, in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1985. Stewart must present facts or allegations sufficient to show (1) that defendants' alleged conduct violated the law, and (2) that the law was clearly established when the alleged violation occurred. Dixon v. Richer, 922 F.2d 1456, 1460 (10th Cir. 1991). Intentional racial discrimination by police officers would violate the law and defendants do not contend that the law pertaining to intentional racial discrimination by police officers was not clearly established at the time of this incident. The issue on appeal is whether Stewart's factual allegations constitute a violation of the law.

Accepting Stewart's version of events as true, defendants stopped Stewart's car because he was African-American, created the false pretense of defective headlights, falsely stated his insurance cards had expired, and then arrested him for an outstanding warrant. Defendants rely on Ford v. Wilson, 90 F.3d 245 (7th Cir. 1996), to support their argument that Stewart's accusations are

5

insufficient to establish a prima facie case of racial discrimination.  In Ford, the plaintiff brought suit under 42 U.S.C. § 1983 against a police officer who arrested him after a traffic stop. Id. at 246.  The plaintiff claimed he was stopped only because he was an African-American and his subsequent arrest for obstructing justice was invalid. Id. at 247.  The Seventh Circuit found the plaintiff's allegations did not establish a constitutional violation, commenting that:

> Otherwise any time a black arrested a white, or a white arrested a black, the person arrested could, by testifying that the arrest had been groundless, obtain a trial in federal court under 42 U.S.C. § 1983.  We [use] the example of an arrest but the principle would apply equally to traffic stops – and again the specter of millions of new claims of constitutional infringements looms.

Id. at 249.

Unlike the plaintiff in Ford, Stewart has alleged additional facts to support his constitutional claims.  He asserted more than the fact that he was an African-American who was stopped by officers who were not African-American.  Stewart asserted that his car headlights were working at the time of the stop, yet defendants claimed they stopped him for defective headlights. Stewart also contended that his insurance cards were current and valid, yet defendants told him the cards had expired.  The Ninth Circuit recently considered a case in which the plaintiffs alleged they were stopped by officers who fabricated a reason for the stop.  Price v. Kramer, ___ F.3d ___, 2000 WL 14442 (9th Cir. 2000).  The

6

Ninth Circuit found that because plaintiffs presented evidence of such fabrication, there was sufficient evidence to find the officers civilly liable. Id. at *6-7.

If Stewart's allegations are believed by the ultimate fact finder, this evidence could support a determination that defendants fabricated a reason to stop him, but in fact stopped him merely because he was an African-American and then wrongly issued him a citation for invalid insurance cards. This scenario goes beyond the facts alleged in Ford and comes closer to the situation in Price. Stewart has alleged facts which are sufficient to preclude summary judgment for defendants on qualified immunity grounds. See Price, ___ F.3d at ___, 2000 WL at *10 (noting that grant of qualified immunity would be reversible where plaintiffs' version of events, if accepted as true, would establish a violation of clearly established law).

On appeal, Stewart has clarified several of his allegations. He has stated that his allegation concerning his arrest on the valid outstanding warrant is not a separate claim, but pertains only to his damages for the allegedly illegal stop. Aple. Br. at 19. Further, the issue of whether an arrest on a valid outstanding warrant can be claimed as damages for an illegal stop was not raised before the district court and we do not decide the issue here. See Tele-Communications, Inc. v. Commissioner, 104 F.3d 1229, 1232 (10th Cir. 1997) (noting that

7

"[g]enerally, an appellate court will not consider an issue raised for the first time on appeal"). Stewart also has stipulated both in his appellate brief and at oral argument that his due process claims are against the City of Denver, not against these defendants.

III.

The district court's denial of qualified immunity for defendants is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge